```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 09-61074-CIV-ZLOCH
```

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,           **FINAL JUDGMENT AND PERMANENT**
                                 **INJUNCTION AS TO**
vs.                       **DEFENDANT BRIAN ACKERMAN NEIMAN**

BRIAN ACKERMAN NEIMAN, THE
FORMULA, INC., and THE
FORMULA, LLC,

       Defendants.
                              /

      THIS MATTER is before the Court upon the Consent Of Defendant Brian Ackerman Neiman (DE 2).  The Court has carefully reviewed said Consent and the entire court file and is otherwise fully advised in the premises.

      Plaintiff Securities and Exchange Commission (hereinafter "the SEC") commenced the above-styled cause with the filing of its Complaint (DE 1) against, among others, Defendant Brian Ackerman Neiman.  In said Complaint, the SEC sought relief including a permanent injunction to prohibit any violation by Defendant Brian Ackerman Neiman of Sections 5(a) and (c) and 17(a)(2) and (a)(3) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), (c), 77q(a)(2), & (a)(3) (hereinafter "Securities Act").

      Defendant Brian Ackerman Neiman, by the instant Consent (DE 2), without admitting or denying any of the allegations in the SEC's Complaint (DE 1), except as to the jurisdiction of the Court, has agreed to the entry of this Final Judgment and Permanent

Injunction. He has also waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court hereby accepts such consent and waivers, and has jurisdiction over Defendant Brian Ackerman Neiman and the subject matter hereof.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that pursuant to Federal Rule of Civil Procedure 58, Final Judgment And Permanent Injunction be and the same is hereby **ENTERED** for Plaintiff Securities And Exchange Commission and against Defendant Brian Ackerman Neiman as follows:

## I. Violation Of Sections 5(a) and (c) of the Securities Act

Defendant Brian Ackerman Neiman, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

   a. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   b. unless a registration statement is in effect as to a

security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

c. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II. Violation of Sections 17(a)(2) and (a)(3) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Brian Ackerman Neiman, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from violating Sections 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(2), (a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of

the mails, directly or indirectly:

    a. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    b. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III. Civil Money Penalty

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Defendant Brian Ackerman Neiman shall pay a civil penalty in the amount of $40,000. Neiman shall satisfy this obligation by paying the $40,000 within ten (10) days after entry of this Final Judgment And Permanent Injunction by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Brian Neiman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment And Permanent Injunction; a copy of the letter and

payment form shall be sent to Teresa J. Verges, Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  Defendant Neiman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant Neiman shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to this Final Judgment And Permanent Injunction, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant Neiman shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to this Final Judgment And Permanent Injunction, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### IV. Incorporation of Neiman's Consent

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendant Brian Ackerman Neiman (DE 2) is incorporated herein with the same force and effect as if fully set forth herein, and that Neiman will comply with all of the undertakings and agreements set forth therein.

V. <u>Retention of Jurisdiction</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will retain jurisdiction of the above-styled cause for the purposes of enforcing the terms of this Final Judgment And Permanent Injunction.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___22nd___ day of July, 2009.

                                             WILLIAM J. ZLOCH
                                             United States District Judge

Copies furnished:

All Counsel of Record